[Civ. No. 4156. First Appellate District, Division One.—January 17, 1922.]

ZELPHA BOGUE, Respondent, v. J. MAURER, Appellant.

[1] BREACH OF PROMISE—PLEADING—EVIDENCE—DATE OF PROMISE.— Under a complaint in an action for breach of promise of marriage which alleged that "on or about" a stated date the parties were unmarried persons, and that "on said date" the promise was made, the plaintiff was not required to prove the making of the promise on the exact date alleged, since the allegation as to time was not material provided the proof brought it within the statutory period.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frederick W. Houser, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. I. Gilbert for Appellant.

John C. Miles for Respondent.

KERRIGAN, J.—This is an appeal by the defendant from a judgment in favor of the plaintiff for the sum of $6,250 in an action for breach of promise of marriage.

The appellant makes two points for a reversal of the judgment, viz., (1) that the evidence is insufficient to support the verdict, and (2) the refusal to give, or modification of, instructions, by which the court declined to make the plaintiff's right of recovery contingent upon a finding by the jury that the promise sued on was made upon a specific date and no other.

As to the first point, the plaintiff testified categorically to the promise of marriage, and the record contains other evidence in corroboration. This contention of the appellant therefore is without substantial merit.

[1] The second point mentioned is the main reliance of the appellant in support of his appeal. His argument is that the complaint charged the promise to have been made on November 5, 1919, and that the plaintiff's testimony was directed exclusively to this same date; that the defendant met this testimony by a showing—which he regards as almost, if not quite, conclusive—that the defendant neither saw nor talked with the plaintiff on said date; that consequently the plaintiff was not entitled to a verdict unless the jury found that the promise was in fact made on the date alleged.

We think the contention of the appellant in this regard not tenable. The language of the complaint upon this particular subject matter is "that heretofore on or about the fifth day of November, 1919, plaintiff and defendant were each unmarried persons . . . ; that on said date the defendant requested plaintiff to marry defendant and at the same time promised to marry the plaintiff." It is urged that this is an allegation of a promise made on November 5, 1919, and not on or about that date.

We think this too narrow a construction of the language, and that the pleader having alleged the unmarried condition

of the parties to have existed "on or about the fifth day
of November," the words immediately following, viz., "on
said date," refer to the previous allegation of time, viz.,
"on or about the fifth day of November"; for it is obvious
that if the pleader intended to confine his allegation of the
making of the promise to the specific date of November 5th,
he thereby rendered inept the preceding allegation of the
existence of the unmarried condition of the parties as "on
or about" that date.

Furthermore, the allegation as to the time of the promise
was not material provided the proof brought it within the
statutory period—which it concededly did; and it is also
freely admitted by the appellant that even if the allegation
is to be construed as he contends, proof that the promise
was made within a reasonable period either before or after
the alleged date would not be a material variance. The
gravamen of the complaint was the promise to marry and
its breach; it would therefore be unreasonable to make the
plaintiff's recovery depend upon proof of an immaterial and
incidental factor. The jury might well have accepted as
true the plaintiff's testimony as to the proposal of marriage,
and yet have concluded that she was mistaken in her recollec-
tion as to the precise time it was made. It may be added
that although the proof of the original promise was directed
to the specific date stated, we find other evidence in the
record justifying the verdict of the jury and which is in no
way tied to the particular date in question. Thus the
plaintiff testified to these incidents as occurring within a few
weeks after the time of the original promise: "He asked me
if I wanted to go to Honolulu, and I said yes. He told me
just as soon as he was well enough *we would be married* and
we would go to Honolulu on our wedding trip." Again,
"He told me just as soon as he was feeling better that we
would be married"; and as corroborating the plaintiff's
testimony as to the making of the promise, Mrs. Sadie
Hindman, one of plaintiff's witnesses, testified that the de-
fendant said to her, "Boguey [meaning the plaintiff] and
I are going to be married."

Plaintiff also urges that he was entitled to have the jury
instructed in the sense above indicated upon the ground
that each party is entitled to have his theory of the case

stated to the jury and to an appropriate instruction thereon; but obviously this principle would not warrant the court in giving to the jury an instruction which is incorrect as a matter of law.

The judgment is affirmed.

Richards, J., and Tyler, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 16, 1922.

All the Justices concurred.

Lennon, J., was absent and Richards, J., *pro tem.*, was not acting.